IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| APRYL DAWN MENDOZA and GABRIEL ERIC MENDOZA, AS CO-INDEPENDENT ADMINISTRATORS OF THE ESTATE OF JAXSON MENDOZA, DECEASED, <br><br>*Plaintiffs*, <br><br>v. <br><br>AMARILLO INDEPENDENT SCHOOL DISTRICT <br><br>*Defendant*. | Civil Action No. _____ <br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs APRYL DAWN MENDOZA AND GABRIEL ERIC MENDOZA AS CO-INDEPENDENT EXECUTORS OF THE ESTATE OF JAXSON MENDOZA, DECEASED (herein collectively referred to as "Plaintiffs"), and file this their Original Complaint complaining of AMARILLO INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "Amarillo ISD", the "school district," or the "district"), and would respectfully show the Court the following:

### I.
### NATURE AND PURPOSE OF THE ACTION

1. Jaxson Mendoza was born on January 2, 2008. At the time of the incident made subject of this lawsuit, Jaxson was a student at Amarillo High School in the Amarillo Independent School District.

1

2. On or around October 2019, Jaxson began experiencing seizures. Jaxson was diagnosed with epilepsy and asthma, and began taking several medications to treat his ongoing seizures. Jaxson's condition qualifies him as an individual with a disability, pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12102.

3. As part of his treatment, Jaxson had a Seizure Action Plan on file with Amarillo ISD, which detailed the procedures that school employees should take in the event that Jaxson experienced an epileptic episode. Specifically, the plan required that in the event Jaxson experienced a seizure longer than five minutes, school personnel must administer emergency medication, call emergency medical services and notify Jaxson's parents. The rescue medicine required by Jaxson's Seizure Action Plan was Nasal Midazolam, dosed at 5 milligrams.

4. On August 24, 2022, Jaxson experienced a seizure at Amarillo High School. Amarillo ISD refused to give Jaxson his emergency rescue medication as prescribed by his Seizure Action Plan. On August 25, 2022, Jaxson passed away as a result of the Defendant Amarillo ISD and its employees' refusal to administer Jaxson Mendoza's emergency rescue medication.

## II.
## THE PARTIES

5. Jaxson Mendoza was a citizen of the State of Texas, a student with a disability and was, at all pertinent times, a student at Amarillo ISD.

6. Plaintiffs Apryl Dawn Mendoza and Gabriel Eric Mendoza are individual citizens of the State of Texas and residents of Randall County. They are the Independent Administrators of the Estate of Jaxson Mendoza. A true and correct copy of the Letters of Co-Administration is attached as **Exhibit "A."** Their address is 5812 Middleboro Drive, Amarillo, TX 79109.

7. Defendant Amarillo Independent School District is a school district organized under the laws of the State of Texas. At all times pertinent to this case, Jaxson Mendoza was a

student at Amarillo ISD. Defendant Amarillo ISD may be served by and through its Superintendent, Doug Loomis, 7200 Interstate 40 West, Amarillo, Texas 79106-2598.

## III.
## JURISDICTION

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and the laws of the United States, including the Americans with Disabilities Act and the Rehabilitation Act.

9. This Court also has jurisdiction to award attorney's fees and costs to the Plaintiffs under the Americans with Disabilities Act, 42 U.S.C. § 12205.

## IV.
## VENUE

10. Pursuant to 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Texas, Amarillo Division.

## V.
## FACTUAL ALLEGATIONS

11. Jaxson was diagnosed with epilepsy in the 6th grade. As part of his epilepsy condition, Jaxson had a 504 Action Plan on file with Amarillo ISD, which detailed the procedures that school nurses and employees should take in the event Jaxson experienced an epileptic episode and/or seizure. A true and correct copy of Jaxson Erik Mendoza's 504 Action Plan is attached as **Exhibit "B."** Specifically, the Action Plan required that in the event Jaxson began having an epileptic episode and/or seizure, school nurses and/or personnel were to administer Midazolam, call emergency medical services and notify Jaxson's parents. Jaxson's condition qualifies him as an individual with a disability, pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12102.

3

12. On or about August 24, 2022, at 12:00 P.M., Jaxson began running on the track at Amarillo High School as part of a warmup routine with his basketball team. There were no circumstances indicating it would have been unsafe for Jaxson to exercise outside that day, such as excessive heat or wind.

13. During this basketball warmup on the track, Jaxson reportedly fell onto the ground and began seizing. At or around 12:15 P.M., Amarillo High School staff called Apryl Mendoza to notify her that Jaxson was seizing and that emergency medical services were in route. Mrs. Mendoza then proceeded to call Gabriel Mendoza and inform him about the situation.

14. When Mr. Mendoza arrived on scene, Jaxson's basketball coach informed him that Jaxson had been seizing for approximately 17 minutes. Typically, Jaxson's seizures would only last around two to two and a half minutes. Mr. Mendoza reports that when he arrived on the scene, Jaxson was still seizing, frothing at the mouth, and had grey coloring. Amarillo ISD had refused to administer Jaxson his emergency seizure medication, which is inconsistent with Jaxson's emergency seizure action plan.

15. Emergency medical personnel began performing CPR on Jaxson at the scene before placing him in the ambulance and transporting him to Baptist St. Anthony Hospital ("BSA Hospital"). Jaxson died at BSA Hospital on August 25, 2022. He was fourteen years old at the time of his passing.

16. Plaintiffs claim that the Amarillo ISD refused to implement policies, procedures and practices required to keep Jaxson Mendoza safe in the manner and particulars noted herein.

17. For these and other civil rights violations, Plaintiffs seek damages and compensation as the Independent Administrators of the Estate of Jaxson Mendoza, for the injuries more fully discussed below. Plaintiffs bring this action pursuant to Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Rehabilitation Act"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq ("ADA").

## VI.
## CAUSES OF ACTION

**Violations of the Americans With Disabilities Act**

18.     Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth. Due to his seizure disorder, Jaxson was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131 (2). Jaxson's condition qualifies him as an individual with a disability pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12102, as Jaxson had a physical impairment that substantially limited one or more major life activities, including caring for oneself, performing manual tasks, seeing, hearing, eating, walking, standing, speaking, breathing, learning, reading, and working.

19.      On August 24, 2022, Jaxson had a seizure at Amarillo High School. The Amarillo ISD employees refused to administer the rescue medication, midazolam, to Jaxson, per his 504 Action Plan, and on August 25, 2022, he passed away as a result.

20.     AISD is deemed a "public entity" as defined in 42 U.S.C. § 12131(1). Amarillo ISD receives federal financial assistance so as to be covered by the mandate of the ADA.

21.     AISD provides a facility whose operation constitutes a program and services for ADA purposes.

22.     In violation of 42 U.S. Code § 12132, Amarillo ISD refused to reasonably accommodate Jaxson's disability and modify their services in violation of Title II of the ADA by not having a safe and non-hostile educational environment. Such failures caused injuries to Jaxson, leading to his death.

23. In violation of 42 U.S. Code § 12132, Amarillo ISD refused to reasonably accommodate Jaxson's disability and modify their services in violation of Title II of the ADA by refusing to train their school employees in how to administer the rescue medication Midazolam. Such failures caused injuries to Jaxson, leading to his death.

24. Amarillo ISD had knowledge that Jaxson's federally protected right to life would be substantially violated by the refusal to administer the rescue medication, Midazolam, and Amarillo ISD refused to administer the rescue medication despite that knowledge.

25. Jaxson was a victim of discrimination based upon his disability by the acts and omissions of AISD. Jaxson experienced injuries thereby.

26. The Co-Administrators of Jaxson's estate have a private cause of action against the school district for its refusal to follow the relevant regulations promulgated by the ADA.

**Violations of Section 504 of the Rehabilitation Act of 1973**

27. Due to Jaxson's seizure disorder, Jaxson is a qualified individual with a disability under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 because he was substantially limited in major life activities including caring for oneself, performing manual tasks, seeing, hearing, eating, walking, standing, speaking, breathing, learning, reading, and working. When he had a seizure, Jaxson experienced substantial impairment of major bodily functions including the neurological system.

28. Amarillo ISD receives federal funding and thus falls under the requisites of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Defendant Amarillo ISD is a recipient of federal financial assistance because it has accepted federal funds from, *inter alia*, the United States Department of Agriculture.

29. The implementation of Section 504 requires that each state that receives disbursements of federal funding, including the state's political subdivisions such as local school

districts, must ensure that all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled student's unique and individualized needs and fails to accommodate that child's disability and keep that student safe, it violates Section 504.

30. Defendant Amarillo ISD discriminated against Jaxson solely on the basis of his disability by refusing to administer rescue medication as is required by his 504 Action Plan. That refusal excluded Jaxson from the educational programming it offers to other non-disabled children. In so doing, Defendants denied Jaxson meaningful access and an equal opportunity to participate in and benefit from Defendant's programs and activities in violation of section 504 of the Rehabilitation Act.

31. Defendant Amarillo ISD's exclusion of Jaxson was intentional.

32. Jaxson was injured and died as the result of Defendant Amarillo ISD's conduct.

## VII.
## DAMAGES

33. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth.

34. <u>Americans With Disabilities Act Damages</u>. The Amarillo ISD violations of the Americans With Disabilities Act proximately caused the death of Jaxson Mendoza. Plaintiffs Apryl Dawn Mendoza and Gabriel Eric Mendoza, as the Co-Independent Administrators of the Estate of Jaxson Mendoza, assert all damages recoverable pursuant to the Americans With Disabilities Act, including:

      a. The physical pain experienced by Jaxson Mendoza prior to his death;
      b. The mental anguish and suffering experienced by Jaxson Mendoza prior to his death;

     c.     The medical expenses incurred by Jaxson Mendoza prior to his death; and
     d.     The funeral and burial expenses associated with Jaxson Mendoza's death.
     e.     Loss of life for Jaxson Mendoza.

## VIII.
## ATTORNEY FEES

35. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth.

36. It was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S.C. § 12205 of the ADA.

## IX.
## DEMAND FOR A JURY TRIAL

37. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial in this action for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant in the manner and particulars noted above, in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and cost for preparation and trial of this cause of action, and for its appeal if required, together with pre- and post-judgment interest, and court costs expended herein, and for such other relief as this Court in equity, deems just and proper.

Dated: August 9th, 2024.

        Respectfully submitted,

        LOVELL, ISERN & FARABOUGH, LLP
        112 SW 8th Avenue, Suite 1000
        Amarillo, Texas 79101
        Telephone: (806) 373-1515
        Facsimile: (806) 379-7176
        Email: kevin@lovell-law.net

        By: */s/ Kevin A. Isern*
            Kevin A. Isern
            State Bar No. 10432900

        **ATTORNEYS FOR PLAINTIFFS APRYL DAWN MENDOZA AND GABRIEL ERIC MENDOZA, AS CO-INDEPENDENT ADMINISTRATORS OF THE ESTATE OF JAXSON MENDOZA, DECEASED**